## In re DEMMA.
No. 38635.

United States District Court
N. D. California, S. D.

June 1, 1951.

788

Morton R. Colvin, San Anselmo, Cal., for claimant, Milland Development Co.

James M. Conners, San Francisco, Cal., for trustee.

Frank J. Baumgarten, San Francisco, Cal., for Bankrupt.

HARRIS, District Judge.

Petitioner, former landlord of the bankrupt, seeks to review the Referee's order sustaining the trustee's objection to the administrative claim filed by Milland Development Company, agent for the landlord.

Petitioner, owner of warehouse property in Redwood City, entered into a lease with the bankrupt. Under the terms of the lease, paragraph (26), lessee was to enjoy rent-free occupancy from November 1, 1949, until June 30, 1950, on condition that he make certain improvements to the premises. This the lessee did, and by December of 1949 he was operating a supermarket on the converted premises.

In February 1950 petitioner notified his lessee that certain liens had been filed against the premises by those engaged in making improvements. Such filing of liens constituted a breach of the lease, paragraph (6), and entitled the landlord to recover the premises. Beyond sending notice to lessee of his breach, the landlord took no steps to oust his tenant.

On March 6, 1950, the lessee filed a voluntary petition in bankruptcy. Under the provisions of paragraph (15) of the lease such act constituted a breach of the lease agreement and entitled the landlord to recover possession. However, petitioner took no legal step to obtain the premises at this time.

Subsequent to the lessee's filing in bankruptcy, a receiver was appointed for purposes of inventorying all assets on the leased premises. This operation was concluded on April 17th, forty-two days after the lessee filed in bankruptcy. At the conclusion of this period, the premises were vacated.

The landlord filed an administrative claim for rent for the 42-day period of occupancy by the receiver. It is his contention that the sum of $1470 is a fair amount to be paid for the period in question. This sum represents regular rental for the premises commencing July 1st or August 1st, 1950, when regular rent payments were to begin under the lease. The trustee rejected this claim on the ground that the lessee and his successor in interest, the trustee in bankruptcy, were entitled to enjoy rent-free occupancy until July 1, 1950.

The sole condition imposed by paragraph (26) of the lease was that lessee undertake and complete by May 1, 1950, certain im-

provements, alterations and additions to the premises. The trustee contends that this was done and that accordingly the lessee was entitled to occupy the premises without the payment of rent.

Petitioner disputes the position taken by the trustee and alleges that he is entitled to rent, first, because lessee allowed liens to be filed contrary to the provisions of paragraph (6) of the lease; second, because lessee filed his voluntary petition in bankruptcy and thereupon terminated the lease in accordance with the provisions of paragraph (15).

Paragraph (26), which entitles lessee to free rent, is not tied to either paragraph (6) or paragraph (15) of the lease. The trustee states that a lease must be construed against the party who drafts it. He further states that the petitioner, who drew up the disputed document, failed to make paragraph (26) clear and that the ambiguity must be resolved in favor of the lessee and his successor in interest, the trustee in bankruptcy.

Petitioner takes the position that the entire document must be construed as a whole and that it is clear on its face that paragraphs (6) and (15) both entitled the landlord to recover the premises by reason of lessee's two breaches of covenants. Petitioner further contends that the making of improvements without paying for all of them does not constitute compliance with paragraph (26) itself.

■ Disregarding certain equities which will be discussed below, the landlord's position appears to hinge on his action under the lease. The acts of the lessee entitled the landlord to terminate the lease. He took an initial step by reason of his notice of breach in February 1950. Thereafter, he regarded the filing in bankruptcy of the lessee in March of 1950 as an act of termination. Certainly, such act made operative the provisions of paragraph (15) and re-established the landlord as the party entitled to possession of the premises.

■ If petitioner asserted his rights under the lease when authorized to do so, any occupancy by the lessee or his successor in interest would be on a month to month basis and would not be covered by the terms of the original lease. Thus, the receiver's occupancy would require the payment of rental and the sole question is as to the reasonableness of the amount charged. Since the sum sought by the landlord is the rental agreed upon by the parties to the lease during 1949, the amount would seem to be fair.

The basis for the trustee's rejection of the landlord's claim—a basis adopted by the Referee—is principally an equitable one. The trustee asserts that the landlord received improvements to his property in the amount of approximately $80,000. Liens filed against the premises constitute approximately $43,000. Assets in the hands of the trustee total somewhat more than $11,000. Thus, there would appear to be a substantial equity and increment in the landlord's property over and above all of the lien claims filed. The trustee believes that it would be unfair to allow the landlord to recover as an administrative expense part of the assets in the hands of the trustee and also enjoy more than $20,000 in additions and improvements to his property.

The petitioner disputes the accuracy of the figures cited by the trustee. The landlord denies that the improvements total $80,000, or a sum approaching this amount. Furthermore, he asserts that the various claims against the property will be close to $68,000.

■ By reason of having filed a defective notice of non-responsibility the landlord is liable to the extent of his property for satisfaction of the liens. Thus, it is claimed that he will lose his entire premises because of the lessee's improvements. Under these circumstances the landlord contends that the equities are in his favor rather than in favor of the other creditors.

■ The Referee weighed the equitable considerations and apparently determined that the improvements and their value exceeded by far, any claim for rental over the disputed period. The Court is inclined to agree with the conclusion reached by the Referee conditioned upon findings which may be predicated upon the evidence as to

value. In this regard the record is bare of any such finding as to value. It seems incumbent that the conflicting claims as to the improvements and lien claims be evaluated.

Accordingly, It Is Ordered that the matter be remanded to the Referee for reconciliation of the conflicting claims and for findings based on the evidence adduced.